Vermont Superior Court
Filed 07/01/24
Orleans Unit

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT  05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-05064

---

**Bryan Lenane v Nicholas Deml et al**

---

## ENTRY REGARDING MOTION

Title:        Motion for Summary Judgment  (Motion: 3)
Filer:        Annemarie Manhardt
Filed Date:   May 16, 2024

The motion is DENIED.

This a Rule 75 appeal from a disciplinary determination.  Petitioner Lenane has filed a motion for summary judgment, to which the Department has not opposed or filed a response.

The facts as established by the administrative record and Petitioner's undisputed statement of material facts are as follows.  Petitioner is currently incarcerated at the Northern State Correctional Facility.  On October 2, 2023, a Corrections Officer observed Petitioner and his cell mate in their cell standing over s a white piece of paper with a white powdery substance, which was partially covered by a playing card.  The Corrections Officer instructed Petitioner and his roommate to step away from the desk, which they did.  The roommate claimed that the white powder was his and his alone.  The Department had the white powder tested and confirmed that it was Buprenorphine, a narcotic medication given to inmates as a maintenance drug to control opiate cravings.  This substance is a prescribed medication that inmates must take in front of medical personnel and may not take back to their cells.  Its presence in Petitioner's cell constituted a misuse of the medication.

Both Petitioner and his roommate were charged with a Major B-20 violation under Vermont Department of Corrections Directive 410.01.  This regulation states that "Misuse of authorized medication, including, but not limited to, inmates transferring or selling their medication to another inmate.:  Id at 20.

At both the disciplinary hearing and on appeal, Petitioner avers that the powder was not his, that it did not come from his medication, that he was not aware of the powder until the roommate took it out, just before the Corrections Officer came to the cell, and that he had no other knowledge or control of the powder. Petitioner puts all knowledge and responsibility for the drug on his roommate.

In this case, summary judgment is not appropriate for Petitioner because the issue is credibility. The facts of the case lend themselves to two potential scenarios. There is Petitioner's version of events where he is an innocent who just happens to be at the wrong place at the wrong time, namely standing over a table looking at a contraband medication at the same moment that a Corrections Officer enters the cell. If Petitioner's testimony had been found credible, then a disciplinary finding against him would have been inappropriate.

But if the hearing officers did not find Petitioner's testimony credible, then they would be left with a circumstantial case that Petitioner was aware of the existence of the medication in the cell and was in a position to exercise dominion and control over it. *Williams v. United States*, 418 F.2d 159, 162 (9" Cir. 1969), *aff'd*, 401 U.S. 646 (1971). Given that the mere possession of this medication is a violation of facility policies and rules, along with the fact that it is capable of misuse and abuse supports a finding that Petitioner's control over the substance at the moment that the Corrections Office walked into the cell constituted a B-20 violation. Again, to make such a finding and to come to this conclusion, the hearing officer would have to discredit Petitioner's testimony and look only to the objective pieces of evidence.

The fact that both events are plausible leads us to a Rashomon situation.[1] Under the standard of review in disciplinary appeals, this leaves the Department with "some evidence" to support its determination that at the moment the Corrections Officer entered the cell, Petitioner was aware of the medical substance and was, in fact, standing over the substance and exercising dominion and control, which if the medication was not his, constitutes further circumstantial evidence that Petitioner was part of a either outright misuse or misuse and transfer of the controlled medication. *King v. Gorczyk*, 2003 VT 34, ¶ 7 ("[W]hen reviewing a decision from an inmate

---

[1] Rashomon was Japanese movie where witnesses recount through testimony an incident where a bandit is accused of murdering a samurai and attempting to kidnap the samurai's wife. Rashomon (Daiei Films 1950). None of the three accounts match-up, and anyone seeking to understand the truth of the story must credit and discredit portions of each account.

disciplinary hearing, we need find only that there was 'some evidence' in order to uphold a conviction.").

## <u>ORDER</u>

Based on the record and evidence, summary judgment is inappropriate and is **Denied.** Given that the Department has not filed a brief or opposition in this matter, the Court finds no grounds to grant judgment to the Department. Instead, the Court will set this for a 30-minute bench trial at its next available date.

Electronically signed on 7/1/2024 3:44 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge